**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-00764-CMA-CBS

JOE VALDEZ,

    Plaintiff,

v.

WILLIAM J. BYERS, and
WERNER ENTERPRISES, INC., a Nebraska corporation,

    Defendants.

---

**ORDER REGARDING MOTION FOR REMAND**

---

This matter is before the Court on Plaintiff Joe Valdez's Motion to Remand Case to State Court (Doc. # 6).  For the following reasons, the Motion is DENIED.[1]

**INTRODUCTION AND BACKGROUND**

This is a personal injury action.  Plaintiff alleges that he suffered bodily injury on November 14, 2007, when a truck driven by Defendant Byers and owned by Defendant Werner Enterprises, Inc. collided with the Nissan Pathfinder Plaintiff was driving.

Plaintiff filed a complaint in state court on February 18, 2009.  Plaintiff served Defendant Werner with process on March 5, 2009.  Defendants filed a timely Notice of Removal on April 3, 2009.  Plaintiff subsequently filed a Motion to Remand on April 13, 2009.

---

[1] The Court notes that Plaintiff has not filed a reply brief in support of his Motion to Remand.  However, the Court can rule on motions at any time after they have been filed.  *See* D.C.COLO.LCivR 7.1C.

Plaintiff alleges that Defendants failed to establish the minimum amount in controversy to sustain diversity jurisdiction. Defendants respond that they have proven the amount in controversy by way of a settlement demand letter in which Plaintiff seeks $290,000 and Plaintiff's state court Civil Cover Sheet on which Plaintiff checked the box indicating that he seeks more than $100,000 in damages.

## APPLICABLE LAW

Section 1332(a) of title 28 of the U.S. Code sets forth two requirements for diversity jurisdiction. Those requirements are: (1) an "amount in controversy [that] exceeds the sum or value of $75,000, exclusive of interest and costs" and (2) diversity of citizenship between the parties. *See id.* Plaintiff does not contest the diversity of citizenship element, so the only question the Court must answer is whether Defendants have produced enough evidence to establish that the amount in controversy exceeds $75,000.

A removing defendant has the burden to show that the case meets the jurisdictional amount in controversy. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) ("As the parties invoking the federal court's jurisdiction in this case, defendants bear the burden of establishing that the requirements for the exercise of diversity jurisdiction are present."); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("The burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'") (first alteration in original). A defendant has the burden to establish facts by a preponderance of the evidence that reflect the amount in

controversy requirement is met. *See McPhail v. Deere & Co.*, 529 F.3d 947, 954-56 (10th Cir. 2007) (citing *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)). As the Tenth Circuit recently clarified, "The 'preponderance of the evidence' standard applies to jurisdictional facts, not jurisdiction itself." *McPhail*, 529 F.3d at 954. The determination regarding jurisdiction is a legal conclusion. *Id.*

A defendant can meet its removal burden by referencing facts plead in the state court complaint. *See Id.* at 956. However, a plaintiff cannot defeat removal by simply omitting an amount in controversy from the complaint because a defendant can also present facts regarding the amount in the notice of removal. A defendant can include facts from various other sources. *Id.* For example, a defendant can "introduc[e] evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *Meridian*, 441 F.3d at 541-42 (citations omitted). Or, a defendant can point to "a plaintiff's proposed settlement amount" if the amount reflects a reasonable approximation of a plaintiff's claim. *See McPhail*, 529 F.3d at 956 (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). Use of a settlement figure at this early point in the litigation is permitted to establish the amount in controversy, even if Rule 408 would later prohibit its use **at trial** to establish "liability for or invalidity of [a] claim or its amount." Fed. R. Evid. 408(a). *See also McPhail*, 529 F.3d at 956.

## **DISCUSSION**

Based on the applicable law and facts in the record, the Court concludes that Defendants have met their burden. First, the settlement letter is admissible and

relevant evidence regarding the amount in controversy.  Second, the state court Civil Cover Sheet further demonstrates that this case involves more than $75,000.  Although either fact standing alone may not prove sufficient to establish diversity jurisdiction, when the two facts are combined, the Court concludes that jurisdiction is proper.

First, the settlement demand constitutes a relatively timely approximation of Plaintiff's damages and the Court has no reason to doubt that it reasonably estimates Plaintiff's thoughts regarding the amount in controversy.  Moreover, Plaintiff has not attacked the accuracy of the $290,000 number, only the admissibility of the letter.  However, as the *McPhail* case and the plain language of Rule 408 make clear, settlement demands are admissible and relevant when determining the jurisdictional amount in controversy.

Regarding the second fact cited by Defendants in the Notice of Removal, the state court Civil Cover Sheet, Plaintiff argues that reliance on the Civil Cover Sheet "is not sufficient to establish the jurisdictional amount."  (Doc. # 6 at 4.)  However, the cases on which Plaintiff relies do not necessarily apply under the circumstances of this case.  Critically, the defendants in most of those cases produced no evidence, other than the Civil Cover Sheet, from which the court could deduce that the amount in controversy exceeded $75,000.  However, in *Bishelli v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 1455852 (D. Colo. May 15, 2007), the court recognized that additional evidence could support the amount in controversy and that citation to the Civil Cover Sheet was not dispositive.  Like *Bishelli*, Defendants in this case provide a key

additional piece of probative evidence regarding the amount in controversy, the settlement demand letter.

Moreover, cases cited by Plaintiff do not completely forbid this Court from considering the Civil Cover Sheet in its analysis.  For example, *Baker v. Sears Holding Co.*, 557 F. Supp. 2d 1208, 1214-15 (D. Colo. 2007), states that "reliance *solely* on the Civil Cover Sheet as a demonstration of the amount in controversy is not permissible." *Id.* (emphasis added).  Because the Court is not relying "solely" on the Civil Cover Sheet, *Baker* does not apply and the Civil Cover Sheet constitutes another fact the Court will consider in determining the amount in controversy.

## **CONCLUSION**

The Court concludes that Defendants have shown that this case involves more than $75,000 in controversy.  Most probative of this conclusion is the $290,000 settlement demand sent by Plaintiff's counsel only months before Plaintiff filed this lawsuit.

Accordingly, Plaintiff's Motion to Remand (Doc. # 6) is DENIED.

DATED:  May   20  , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge